UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RENEE R. DELANEY,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration,<br><br>　　　　　　　　Defendant. | NO: 13-CV-0009-TOR<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross motions for summary judgment (ECF Nos. 13 and 14). Plaintiff is represented by Maureen J. Rosette and Dana C. Madsen. Defendant is represented by Daphne Banay. This matter was submitted for consideration without oral argument. The Court has reviewed the administrative record and the parties' completed briefing and is fully informed. For the reasons discussed below, the Court grants Plaintiff's motion and denies Defendant's motion.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 1

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g); 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district

court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v); 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i);

416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(b); 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c); 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d); 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity ("RFC"),

defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f); 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1); 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c); 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

Plaintiff filed applications for disability insurance benefits and supplemental security income disability benefits on February 9, 2010 and July 27, 2010. Tr. 128-29; 130-33. These applications were denied initially and upon reconsideration, and a hearing was requested. Tr. 89-91, 93-95, 96-97, 100-01. A hearing was held before an Administrative Law Judge on August 29, 2011. Tr. 41-85. The ALJ rendered a decision denying Plaintiff benefits on October 3, 2011. Tr. 21-30.

The ALJ found that Plaintiff meets the insured status requirements of Title II of the Social Security Act through December 31, 2010. Tr. 23. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since at least August 1, 2006, the alleged onset date, *id.*, even though, at the hearing, the Plaintiff amended her alleged onset date to February 9, 2009. At step two, the ALJ found that Plaintiff had severe impairments, *id.*, but at step three, the ALJ found

that Plaintiff's impairments did not meet or medically equal a listed impairment. Tr. 25-26. The ALJ then determined that Plaintiff had the residual functional capacity to:

> perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) with limitations for no unprotected heights/climbing of ladders, ropes, scaffolding; only occasional bending, stooping, and balancing; and environmental limitations for no wetness, cold temperatures or vibrations (machinery).

Tr. 26-28. At step four, the ALJ found that Plaintiff was able to perform her past relevant work as a receptionist. Tr. 29. The ALJ alternatively made a step five finding that based on the Plaintiff's age, education, work experience, and residual functional capacity, there are other jobs that exist in significant numbers in the national economy that Plaintiff can perform, based on the grids. *Id*. Accordingly, the ALJ found Plaintiff was not disabled. Tr. 30.

Plaintiff requested review by the Appeals Council and submitted additional evidence. Tr. 15-16, 503-71. The Appeals Council denied Plaintiff's request for review on November 13, 2012, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. Tr. 1-6; 20 C.F.R. §§ 404.981, 416.1484, and 422.210.

## ISSUES

Plaintiff raises three issues for review: 1) whether the ALJ erroneously determined that she did not have a severe mental impairment at step two; 2)

whether the ALJ improperly rejected the opinion of her treating physicians; and 3) whether substantial evidence supported the ALJ's conclusions.  ECF No. 13 at 6.

## DISCUSSION

**A. Severe Mental Impairment at Step Two**

Plaintiff asserts that the ALJ erred in failing to list Plaintiff's mental impairment as severe impairment at step two.

Plaintiff seems to misapprehend that a step two finding of a severe impairment does not itself result in a finding of disability. Step two merely screens out groundless claims. *See Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (*citing Bowen v. Yuckert*, 482 U.S. 137, 153–54 (1987)).  Having passed through the step 2 window, Plaintiff cannot show she was harmed by the Commissioner's step two finding. While styled as a step two challenge, this argument is better addressed to the ALJ's RFC findings as applied at steps four and five. Only then could Plaintiff show the necessary harmful error. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007) (holding that ALJ's failure to list plaintiff's bursitis as a severe impairment at step two was harmless where ALJ considered limitations caused by the condition at step four).

Thus, the Court will proceed to address Plaintiff's argument that the ALJ improperly rejected her treating physicians' opinions, thereby affecting the ALJ's consideration of the remaining steps in the sequential evaluation process.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 8

### B. Treating Physicians' Opinions

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201 -1202 (9th Cir. 2001) (citations omitted) (brackets in original). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's. *Id*. In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists. *Id*. (citations omitted). A physician's opinion may be entitled to little if any weight, when it is an opinion on a matter not related to her or his area of specialization. *Id*. at 1203, n. 2 (citation omitted).

A treating physician's opinions are entitled to substantial weight in social security proceedings. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009). If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician,

including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray*, 554 F.3d at 1228 (quotation and citation omitted).  "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence."  *Bayliss v. Barnhart*, 427 F.3d at 1216 (*citing Lester v. Chater*, 81 F.3d 821, 830-831 (9th Cir. 1995)).  An ALJ may reject a treating physician's opinion if it is based "to a large extent" on a claimant's self-reports that have been properly discounted as incredible. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (citations omitted).

      Plaintiff argues that the ALJ failed to provide specific and legitimate reasons or clear and convincing reasons for rejecting Dr. Eastburn's three separate opinions that Plaintiff was more limited both physically and psychologically than the ALJ determined.  ECF No. 13 at 9.

      The Commissioner concedes "the ALJ erred in rejecting Dr. Eastburn's opinions in the April 2011 medical source statement [Tr. 373-75] because the ALJ did not explain why he concluded Dr. Eastburn's opinions were unsupported and contradicted by Plaintiff's treatment records."  ECF No. 14 at 8.  The Commissioner "also concedes that the ALJ erred by not providing reasons to reject Dr. Eastburn's March 16, 2010 opinion (Tr. 466-68) and December 29, 2010 opinion (Tr. 412-14)."  ECF No. 14 at 9-10.  The Commissioner contends however

that the errors are harmless because some of Dr. Eastburn's opinions touched upon ultimate legal issues reserved to the Commissioner, Dr. Eastburn did not explain his opinions with objective medical evidence, and Dr. Eastburn's opinions were contradicted by an examining doctor. *Id*. at 10-12.

Irrespective, the ALJ did not explain his reasons for rejecting Dr. Eastburn's April 2011 opinion. That is legal error. The ALJ did not even mention, let alone consider and properly reject Dr. Eastburn's opinions offered in March 2010 and December 2010. That is legal error. This Court cannot weigh the objective medical evidence and determine that Dr. Eastburn's opinions are not supported thereby. Nor can this Court weigh the evidence of the examining physician in order to determine that the ALJ's legal errors are harmless. This Court cannot declare these legal errors "inconsequential to the [ALJ's] ultimate nondisability determination." *Molina*, 674 F.3d at 1115 (quotation and citation omitted). The ALJ failed to consider or properly reject Dr. Eastburn's opinions and a remand is required.

**C. Steps Four and Five**

Having determined that the ALJ committed legal error, the remaining steps in the sequential evaluation process are affected thereby and a remand is necessary.

///

///

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 11

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 13) is **GRANTED**.

2. Defendant's Motion for Summary Judgment (ECF No. 14) is **DENIED**.

3. Pursuant to sentence four of 42 U.S.C. § 405(g), this action is REVERSED and REMANDED to the Commissioner for further proceedings consistent with this Order.

The District Court Executive is hereby directed to file this Order, enter Judgment for Plaintiff, provide copies to counsel, and **CLOSE** the file.

**DATED** March 17, 2014.



THOMAS O. RICE
United States District Judge